**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-1876

———————

RED MANSION, LLC,
d/b/a Naomi Village Resort

v.

KEB HANA BANK USA, National Association,
f/k/a BNB Hana Bank National Association


RED MANSION, LLC,
Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-01626)
District Judge: Honorable A. Richard Caputo

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 12, 2021

Before: AMBRO, KRAUSE, and PHIPPS, *Circuit Judges*

(Opinion filed:  January 21, 2021)

———————

OPINION*

———————

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, *Circuit Judge*,

Red Mansion, LLC sued its lender KEB Hana Bank USA, National Association (the "Bank") based on various tort and contract claims, alleging that the Bank induced it to enter into a larger loan transaction than it could afford and made further misrepresentations in connection with the foreclosure that followed. The District Court granted summary judgment in favor of the Bank on all counts, and we affirm.

## I.

In 2006, Red Mansion acquired a Pocono mountain resort property using loans that it later refinanced with the Bank. Pipes on the property froze in December 2013 and again in January 2014, resulting in catastrophic damage and Red Mansion's default on the Bank's loan. In August 2014, the Bank filed a foreclosure case and ultimately prevailed on summary judgment. *KEB Hana Bank USA, Nat'l Ass'n v. Red Mansion, LLC*, No. 14-cv-01664, 2017 WL 194281, at *1, *3 (M.D. Pa. Jan. 18, 2017) (the "Foreclosure Action"). The District Court confirmed the foreclosure sale of the property over Red Mansion's objections, and we affirmed. *KEB Hana Bank USA, Nat'l Ass'n v. Red Mansion, LLC*, No. 14-cv-01664, 2017 WL 3868517, at *1 (M.D. Pa. Sept. 5, 2017), *aff'd*, 763 F. App'x 256, 257 (3d Cir. 2019).

In September 2017, Red Mansion filed a seven-count complaint against the Bank. The District Court granted summary judgment in favor of the Bank, reasoning that Red Mansion's claims are barred by *res judicata*, Red Mansion is not entitled to relief from judgment under Fed. R. Civ. P. 60(b), the statute of limitations bars Red Mansion's five tort claims, and the Bank is otherwise entitled to summary judgment as a matter of law

2

based on the lack of evidence supporting Red Mansion's claims.  *See Red Mansion, LLC v. KEB Hana Bank USA, Nat'l Ass'n*, No. 17-cv-1626, 2019 WL 1405407 (M.D. Pa. Mar. 28, 2019).  Red Mansion appeals to us.

## II.

The District Court concluded that "[Red Mansion's] claims in [this] action are barred by res judicata and may not proceed as an independent action under Rule 60" because the lawsuit merely rehashes arguments in the Foreclosure Action.  *Id.* at *4.  On appeal, however, Red Mansion perplexingly failed to address the *res judicata* issue in its opening brief and did not file a reply brief, thus forfeiting that argument for reversal.  *Cf. McCray v. Fidelity Nat'l Title Ins. Co.*, 682 F.3d 229, 241 (3d Cir. 2012) ("[A]n appellant waives an argument in support of reversal if he does not raise that argument in his opening brief." (internal quotation marks and citation omitted)).  This is fatal to its appeal, so we need not reach any other issue.[1]

\* \* \* \* \*

For the reasons explained above, we affirm the District Court's grant of summary judgment in favor of the Bank.

---

[1] Red Mansion also failed to brief adequately whether its claims were barred by the statute of limitations, explaining in one sentence that it did not discover the Bank's fraudulent and negligent actions until 2016.  Red Mansion Br. at 21.  This does not undermine the District Court's conclusion that Red Mansion "should have discovered its alleged injury" earlier.  *Red Mansion*, 2019 WL 1405407, at *5.  It thus also forfeited any argument that its five tort claims are not barred by the statute of limitations.